**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

DEC 2 6 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| DR. MELVIN G. PERRY, JR., § <br> Plaintiff, § <br> § <br> § <br> v. § <br> PEDIATRIC INPATIENT CRITICAL § <br> CARE SERVICES, P.A., and VHS SAN § <br> ANTONIO PARTNERS, LLC d/b/a § <br> NORTH CENTRAL BAPTIST § <br> HOSPITAL § <br> Defendant. § | CIVIL ACTION NO. 5:18-CV-00404-XR |

## DEFENDANT PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A.'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE RODRIGUEZ:

COMES NOW **PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A.** ("PICCS"), Defendant in the above-referenced matter, and in response to Plaintiff's Original Complaint ("Complaint"), files its Answer and Defenses, respectfully showing onto the Court as follows:

### NATURE OF THE CASE

1. PICCS admits that Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. PICCS denies the remaining allegations in paragraph 1 of Plaintiff's Complaint and specifically denies any violation of the law. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## JURISDICTION

2.  PICCS admits that this Court has jurisdiction over this matter, except the Court lacks subject matter jurisdiction where the Plaintiff has failed to exhaust his administrative remedies and/or Title VII is inapplicable to PICCS because it has less than fifteen (15) employees. Defendant, however, denies any allegations and any liability or conduct which would give rise to damages.

## VENUE

3.  PICCS admits that venue is proper. PICCS denies engaging in discriminatory or retaliatory acts toward Plaintiff and denies all remaining allegations of Paragraph 3 of the Complaint. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## PARTIES

4.  PICCS admits that Plaintiff identified himself as being a Black or African-American male and that Plaintiff identified himself as residing in San Antonio, Bexar County, Texas during the time period he administered services at North Central Baptist Hospital ("NCBH"). PICCS has no knowledge regarding whether Plaintiff currently resides in Mableton, Georgia. This part of his allegation is denied.

Moreover, the allegation regarding Plaintiffs' employer constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A. and therefore denies the remainder of the allegations. Defendant denies it met the definition of an "employer" under all applicable statutes.

5.  Plaintiff's allegation concerning PICCS' status as an "employer" under 42 U.S.C.

§ 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A. and therefore denies the remainder of the allegations.

6. Plaintiff's allegation concerning VHS San Antonio Partners, LLC's ("VHS") status as an "employer" under 42 U.S.C. § 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS is without sufficient information or knowledge to admit the allegations in Paragraph 6 of the Complaint, and therefore, denies the same. PICCS is without sufficient information or knowledge to admit the remaining allegations in Paragraph 6 of the Complaint, and therefore, denies the same.

7. Plaintiff's allegation concerning PICCS' and VHS' status as "joint employers" and/or a "single integrated enterprise" constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies the allegation.

8. Plaintiff's allegation in Paragraph 8 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS is without sufficient information or knowledge to admit the allegations in Paragraph 8 of the Complaint.

## FACTS

9. PICCS denies the allegations in Paragraph 9 of the Complaint since the Professional Services Agreement is the best evidence of its content.

10. PICCS denies the allegations in Paragraph 10 of the Complaint since the Professional Services Agreement is the best evidence of its content.

11. PICCS denies the allegations in Paragraph 11 of the Complaint since the Professional Services Agreement is the best evidence of its content. Furthermore, Plaintiff's allegation concerning PICCS' status as an "employer" constitutes a conclusion of law to which no

response is required. To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A.

12. PICCS denies the allegations in Paragraph 12 of the Complaint.

13. PICCS denies the allegations in Paragraph 13 of the Complaint since the Professional Services Agreement is the best evidence of its content.

14. PICCS denies the allegations in Paragraph 14 of the Complaint which suggests PICCS had an employment relationship with Plaintiff or that PICCS had employment relationships with other persons. PICCS is without sufficient information or knowledge to admit the remaining allegations in Paragraph 14 of the Complaint, and therefore, denies the same.

15. PICCS denies the allegations in Paragraph 15 of the Complaint which suggests PICCS had an employment relationship with Plaintiff or that PICCS had employment relationships with other persons. PICCS admits Dr. Sandra Aviles and Dr. Lorena Fernandez-Restrepo worked at NCBH's Pediatric ICU ("PICU"). PICCS admits that Dr. Aviles and Dr. Fernandez Restrepo are females. PICCS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 15 of the Complaint, and therefore, denies the same.

16. PICCS admits that as a physician assigned to the PICU, Dr. Perry was required to, and did, work with the nursing staff assigned to the PICU. PICCS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and therefore, denies the same.

17. PICCS denies the allegations in Paragraph 17 of the Complaint.

18. PICCS denies the allegations in Paragraph 18 of the Complaint.

19. PICCS denies the allegations in Paragraph 19 of the Complaint since the Professional Services Agreement is the best evidence of its content. PICCS admits that Plaintiff

provided services at NCBH from April 2015 through February 2017. PICCS denies the remaining allegations in Paragraph 19 of the Complaint.

20.  PICCS denies the allegations in Paragraph 20 of the Complaint since the letter and documents are the best evidence of their content. PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegation concerning his thoughts relative to the Peer Review, and therefore, denies the same.

21.  PICCS denies the allegations in Paragraph 21 of the Complaint since the memorandum is the best evidence of its content. PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations, and therefore, denies the same.

22.  PICCS denies the allegations in Paragraph 22 of the Complaint since the memorandum is the best evidence of its content. PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations, and therefore, denies the same.

23.  PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations in Paragraph 23 of the Complaint, and therefore, denies the same.

24.  PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations in Paragraph 24 of the Complaint, and therefore, denies the same.

25.  PICCS denies the allegations in Paragraph 25 of the Complaint since the letter is the best evidence of its content.

26.  PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations in Paragraph 26 of the Complaint, and therefore, denies the same.

27.  PICCS denies the allegations in Paragraph 27 of the Complaint since the letter is the best evidence of its content. PICCS further denies the allegations in Paragraph 27 of the Complaint which suggests PICCS had an employment relationship with Plaintiff.

28. PICCS denies the allegations in Paragraph 28 of the Complaint since the referenced documents are the best evidence of their content. Furthermore, Plaintiff's allegation concerning the timeliness of the action constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies the allegations.

## CAUSES OF ACTION

29. PICCS denies the allegations in Paragraph 29 of the Complaint.

30. PICCS denies the allegations in Paragraph 30 of the Complaint.

## JURY DEMAND

31. PICCS admits that Plaintiff has made a jury demand. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## PRAYER

PICCS denies the relief sought by Plaintiff in the Prayer paragraph of his Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

PICCS asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to PICCS and are Plaintiff's burden to prove. PICCS expressly reserves its right to assert additional defenses.

1. Plaintiff was an independent contractor and not an employee of PICCS.

2. PICCS does not meet the definition of employer under Title VII.

3. Plaintiff's damages are limited or capped pursuant to applicable law.

4. Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of and/or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

6. Plaintiff's claims are barred to the extent that he has failed to satisfy the administrative prerequisites necessary to asserting such claims.

7. Plaintiff cannot establish a *prima facie* case of discrimination and/or harassment on the bases of race and/or sex.

8. Plaintiff's claims are not actionable because the challenged practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to Plaintiff's race and/or sex and made in good faith.

9. PICCS would have taken the same action with respect to Plaintiff, even in the absence of the discriminatory motives alleged by Plaintiff.

10. PICCS has in place a clear and well disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints of violations thereof, which provides for prompt and effective responsive action. To the extent Plaintiff failed to take advantage of the preventive or corrective opportunities provided by PICCS, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

11. To the extent applicable, and pending discovery, Plaintiff has failed to mitigate any damages he may claim to have suffered as a result of any alleged actions. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits he has earned or received since his association with Defendants ended.

12. Without conceding Plaintiff has suffered any damages because of any alleged acts or omissions by PICCS, Plaintiff's alleged damages are limited or barred by the after acquired evidence doctrine.

13. PICCS did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights (if any), nor did PICCS approve, authorize, ratify, or have actual knowledge of any such acts.

14. Plaintiff's damage claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

15. Without conceding that Plaintiff has suffered any damages because of any alleged wrongdoing by PICCS, PICCS pleads the due process limitations on punitive/exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

16. PICCS cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

17. PICCS is entitled to the *Ellerth/Faragher* affirmative defense. *Faragher v. City of Boca Raton*, 524 U.S. 773, Ct. 2275 (1998) and *Burlington Industries Inc. v. Ellerth*, 522 U.S. 1086, 118 S. Ct. 876 (1998) if it is found to be Plaintiff's employer.

WHEREFORE, PREMISES CONSIDERED, Defendant PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A., respectfully prays that Plaintiff take nothing by way of this lawsuit, that it be awarded its costs, and for such other and further relief, at law or in equity, to which it may be entitled. Defendant further prays for an award in its favor for attorneys' fees

(including costs and expert fees) incurred in the defense of this action as a prevailing party and as authorized by applicable law.

Respectfully submitted,

**THE MYERS LAW GROUP, L.L.P.**

By: /s/ Angella H. Myers
Angella H. Myers
Texas Bar No. 24027229
amyers@myerslawllp.com
Sharon S. Gilmore
Texas Bar No. 24045943
sgilmore@myerslawllp.com

8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
Telephone: (972) 781-2400
Facsimile: (972) 781-2401

**ATTORNEYS FOR DEFENDANT,
PEDIATRIC INPATIENT CRITICAL
CARE SERVICES, P.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2018 Defendant Pediatric Inpatient Critical Care Services, P.A.'s First Amended Answer was served via Electronic Filing upon all counsel of record.

/s/ Angella H. Myers
Angella H. Myers

# EXHIBIT A

## Gracie Solis

| | |
|---|---|
| From: | TXW_USDC_Notice@txwd.uscourts.gov |
| Sent: | Thursday, November 8, 2018 5:27 PM |
| To: | cmecf_notices@txwd.uscourts.gov |
| Subject: | Activity in Case 5:18-cv-00404-XR Perry v. Pediatric Inpatient Critical Care Services, P.A. et al Order on Motion for Extension of Time to Amend |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court [LIVE]

### Western District of Texas

## Notice of Electronic Filing

The following transaction was entered on 11/8/2018 at 5:27 PM CST and filed on 11/8/2018

**Case Name:** Perry v. Pediatric Inpatient Critical Care Services, P.A. et al
**Case Number:** 5:18-cv-00404-XR
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Text Order GRANTING [21] Unopposed Motion for Extension of Time to Amend entered by Judge Xavier Rodriguez. The deadline for all parties to file motions for leave to amend, to join parties, or to designate responsible third parties is extended to December 21, 2018. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lel)**

**5:18-cv-00404-XR Notice has been electronically mailed to:**

Angella Hebert Myers    amyers@myerslawllp.com, gsolis@myerslawllp.com, ievans@myerslawllp.com

Glen D. Mangum    gmangum@sbcglobal.net

Janice S. Parker    jparker@myerslawllp.com, amyers@myerslawllp.com

Mark A. McNitzky    mark.mcnitzky@ogletreedeakins.com, SANDocketing@ogletree.com, valerie.delagarza@ogletree.com

Sharon S. Gilmore    sgilmore@myerslawllp.com, rbaker@myerslawllp.com

Tiffany L. Cox    tiffany.cox@ogletreedeakins.com, SANDocketing@ogletree.com, terri.nugent@ogletree.com

**5:18-cv-00404-XR Notice has been delivered by other means to:**

**5:18-cv-00404-XR Notice has been delivered by other means to:**