IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. MELVIN G. PERRY, JR., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A., AND VHS SAN ANTONIO PARTNERS, LLC, D/B/A NORTH CENTRAL BAPTIST HOSPITAL, | § § § § § § § | CIVIL ACTION NO. SA-18-CA-0404-XR |
| Defendants. | § § | |

**DEFENDANT'S SECOND AMENDED ANSWER AND DEFENSES**

TO THE HONORABLE JUDGE RODRIGUEZ:

COMES NOW VHS San Antonio Partners, LLC, d/b/a the North Central Baptist Hospital ("VHS"), Defendant in the above-referenced matter, and in response to Plaintiff's First Amended Complaint ("Amended Complaint"), files its Second Amended Answer and Defenses, respectfully showing onto the Court as follows:

**NATURE OF THE CASE**

1. VHS admits that Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, alleging claims of race and disc discrimination, hostile work environment, and retaliation. VHS denies the remaining allegations in paragraph 1 of Plaintiff's Amended Complaint and specifically denies any violation of the law.

**JURISIDCTION**

2. VHS admits that this Court has jurisdiction over this matter.

**VENUE**

3. VHS admits that venue is proper. VHS denies engaging in discriminatory or retaliatory acts toward Plaintiff and all remaining allegations of Paragraph 3 of the Amended Complaint.

**PARTIES**

4. VHS admits that Plaintiff identified himself as being a Black or African-American male and that Plaintiff identified himself as residing in San Antonio, Bexar County, Texas during the time period he administered services at the North Central Baptist Hospital ("NCBH"). VHS admits that Plaintiff entered into a contract with Defendant Pediatric Inpatient Critical Care Services, P.A. ("PICCS") to provide pediatric intensivist services at NCBH in San Antonio, Texas. VHS is without information or knowledge sufficient to admit or deny Plaintiff's allegation concerning his current residency, and therefore, denies the same. VHS is without information or knowledge sufficient to admit or deny Plaintiff's allegations concerning his exact dates of employment with PICCS and therefore, denies the same. VHS denies the remaining allegations of Paragraph 4 of the Amended Complaint.

5. Plaintiff's allegation concerning PICCS' status as an "employer" under 42 U.S.C. § 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, VHS denies the allegations of Paragraph 5 of the Amended Complaint.

6. Plaintiff's allegation concerning VHS' status as an "employer" under 42 U.S.C. § 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, VHS denies the allegation. VHS admits the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Plaintiff's allegation concerning PICCS' and VHS' status as "joint employers" and/or a "single integrated enterprise" constitutes a conclusion of law to which no response is required. To the extent a response is required, VHS denies the allegation.

8. Plaintiff's allegation in Paragraph 8 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, VHS admits that it employs more than 500 employees.

**FACTS**

9. VHS admits that a true and correct copy of the Agreement for Pediatric Intensive Care Department Coverage is attached to Plaintiff's First Amended Complaint as Exhibit "A" and further admits that the document speaks for itself (hereinafter referred to as "the PICCS/VHS Agreement"). VHS denies the allegations in Paragraph 9 of the Amended Complaint only to the extent such allegations are inconsistent with the express language of the PICCS/VHS Agreement.

10. VHS admits that Plaintiff has included what purports to be a "Professional Services Agreement" between he and PICCS, dated March 17, 2015, as Exhibit "B" to his Amended Complaint and further admits that the document speaks for itself. VHS admits that PICCS assigned Plaintiff to work at NCBH's Pediatric Intensive Care Unit ("PICU") pursuant to the PICCS/VHS Agreement. VHS denies that Exhibit "B" makes any reference to an employment relationship between Plaintiff and PICCS. VHS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 10 of the Amended Complaint and therefore, denies same

11. VHS denies the allegations of Paragraph 11 of the Amended Complaint that purport to set forth the provisions and requirements of "The Baptist Health System Medical Staff

Bylaws" ("Medical Staff Bylaws") in effect at the time of the termination of Plaintiff's assignment, to the extent such allegations are inconsistent with the express language of the Medical Staff Bylaws. VHS further denies that it employed Plaintiff, or that Plaintiff's assignment was terminated without an investigation into Plaintiff's misconduct, or that Plaintiff was entitled to a hearing or other "due process" prior to the termination of his assignment under the terms of the PICCS/VHS Agreement. VHS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 11 of the Amended Complaint, and therefore, denies the same.

12. VHS admits that the "Professional Services Agreement" attached as Exhibit "B" to Plaintiff's Amended Complaint described the relationship between PICCS and Plaintiff as an independent contractor relationship. VHS admits that, pursuant to the agreement attached as Exhibit "B," Plaintiff agreed to provide call coverage services and to render professional medical services in the specialty of pediatric critical care medicine exclusively for, except with advance written consent of PICCS pursuant to the terms of the agreement, and on behalf of PICCS, within the scope of Plaintiff's license at NCBH, and on a schedule determined by PICCS. VHS denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. VHS denies the allegations in Paragraph 13 of the Amended Complaint.

14. VHS admits the allegations in Paragraph 14 of the Amended Complaint.

15. VHS admits that Plaintiff's supervisor was Dr. Nelson Chavez, Medical Director of the PICU. VHS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 15 of the Amended Complaint, and therefore, denies the same.

16. VHS admits that PICCS also assigned Dr. Sandra Aviles and Dr. Lorena Fernandez-Restrepo to work at NCBH's PICU. VHS admits that Dr. Aviles and Dr. Fernandez Restrepo are females. VHS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 16 of the Amended Complaint, and therefore, denies the same.

17. VHS admits that as a physician assigned to the PICU, Dr. Perry was required to, and did, work closely with the nursing staff assigned to the PICU, including the Nursing Director of the PICU Nayomy Muniz and PICU nurses Hanna Vickers Castro, Andrea Lehman, Amy Everling, Nicole Lewis, and Nancy Gonzalez. VHS admits that Ms. Muniz has identified herself as being a Hispanic female; that Ms. Castro has identified herself as being a Caucasian female; that Ms. Lehman has identified herself as being a Caucasian female; that Ms. Everling has identified herself as being a Caucasian female; and that Ms. Gonzalez has identified herself as being a Hispanic female.

18. VHS denies the allegations in Paragraph 18 of the Amended Complaint.

19. VHS denies the allegations in Paragraph 19 of the Amended Complaint.

20. VHS denies the allegations in Paragraph 20 of the Amended Complaint.

21. VHS admits that Plaintiff provided services at NCBH from April 2015 through February 2017. VHS denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22. VHS denies Plaintiff's allegations concerning the reason for the initiation of the Peer Review. VHS admits the remaining allegations of Paragraph 22 of the Amended Complaint.

23. VHS denies that Plaintiff ever endured and/or experienced offensive racial and sexual comments. VHS also denies that Plaintiff endured and/or experienced any of the PICU nurses ignoring his authority as a physician. VHS further denies that Plaintiff complained in the memorandum referenced herein that the PICU nurses believed that Plaintiff was according special treatment to a Black or African-American patient simply because he was Black or African-American, or that Ms. Muniz did not respond to the allegations in the memorandum referenced herein. VHS admits the remaining allegations of Paragraph 23 of the Amended Complaint.

24. VHS denies that Kendall Turton did not respond to Plaintiff's complaints set forth in the memorandum referenced herein. VHS admits the remaining allegations of Paragraph 24 of the Amended Complaint.

25. VHS admits that on November 14, 2016, six (6) PICU nurses notified Ms. Muniz that they would be leaving the PICU if Plaintiff's behavior did not change immediately. VHS denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. VHS admits the allegations in Paragraph 26 of the Amended Complaint.

27. VHS admits the allegations in Paragraph 27 of the Amended Complaint.

28. VHS admits the allegations in Paragraph 28 of the Amended Complaint.

29. VHS admits that Plaintiff continued to provide services at NCBH through February 2017. VHS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 29 of the Amended Complaint, and therefore, denies the same.

30. VHS admits that Plaintiff filed a charge of discrimination against VHS with the Equal Employment Opportunity Commission ("EEOC") on or about May 18, 2017. VHS admits

that the EEOC issued a right-to-sue letter to Plaintiff dated February 28, 2018.  VHS denies the remaining allegations in Paragraph 30 of the Amended Complaint.

## CAUSES OF ACTION

31. VHS denies the allegations in Paragraph 31 of the Amended Complaint.

32. VHS denies the allegations in Paragraph 32 of the Amended Complaint.

## JURY DEMAND

33. VHS admits that Plaintiff has made a jury demand.

## PRAYER

Defendant denies the relief sought by Plaintiff in the Prayer paragraph of his Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

VHS asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to VHS and are Plaintiff's burden to prove.  VHS expressly reserves its right to assert additional defenses.

1. Plaintiff's damages are limited or capped pursuant to applicable law.

2. Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

4. Plaintiff's claims are barred to the extent that he has failed to satisfy the administrative prerequisites necessary to asserting such claims.

5. Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to Plaintiff's race and/or sex and made in good faith.

6. VHS would have taken the same employment action with respect to Plaintiff, even in the absence of the discriminatory motives alleged by Plaintiff.

7. VHS has in place a clear and well disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints of violations thereof, which provides for prompt and effective responsive action. To the extent Plaintiff failed to take advantage of the preventive or corrective opportunities provided by VHS, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

8. To the extent applicable, and pending discovery, Plaintiff has failed to mitigate any damages he may claim to have suffered as a result of any alleged actions. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits he has earned or received since his separation of employment with VHS.

9. Without conceding Plaintiff has suffered any damages because of any alleged acts or omissions by VHS, Plaintiff's alleged damages are limited or barred by the after-acquired evidence doctrine.

10. VHS did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights, nor did VHS approve, authorize, ratify, or have actual knowledge of any such acts.

11. Plaintiff's damage claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

12. Without conceding that Plaintiff has suffered any damages because of any alleged wrongdoing by VHS, VHS pleads the due process limitations on punitive/exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

13. VHS cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

WHEREFORE, PREMISES CONSIDERED, Defendant VHS San Antonio Partners, LLC, doing business as the North Central Baptist Hospital, respectfully prays that Plaintiff take nothing by way of this lawsuit, that it be awarded its costs, and for such other and further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

/s/ Tiffany L. Cox
Tiffany L. Cox
Texas Bar No. 24050734
tiffany.cox@ogletree.com
Mark A. McNitzky
Texas Bar No. 24065730
mark.mcnitzky@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
210.354.1300
210.277.2702 (fax)

ATTORNEYS FOR DEFENDANT
VHS SAN ANTONIO PARTNERS, LLC,
d/b/a NORTH CENTRAL BAPTIST HOSPITAL

# CERTIFICATE OF SERVICE

      I hereby certify that on January 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Glen D. Mangum
315 E. Euclid
San Antonio, Texas 78212-4709

Angella H. Myers
Sharon S. Gilmore
THE MYERS LAW GROUP, LLP
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231

                                     /s/ Tiffany L. Cox
                                     Tiffany L. Cox/Mark A. McNitzky

36866587.1
007845.000112

10