# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DR. MELVIN G. PERRY, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:18-CV-00404-XR** |
| **PEDIATRIC INPATIENT CRITICAL** | § | |
| **CARE SERVICES, P.A., and VHS SAN** | § | |
| **ANTONIO PARTNERS, LLC d/b/a** | § | |
| **NORTH CENTRAL BAPTIST** | § | |
| **HOSPITAL** | § | |
| **Defendant.** | § | |

---

### DEFENDANT PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A.'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE RODRIGUEZ:

COMES NOW **PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A.** ("PICCS"), Defendant in the above-referenced matter, and in response to Plaintiff's First Amended Complaint ("Amended Complaint"), files its Amended Answer and Defenses pursuant to Federal Rule of Civil Procedure 15(a)(5), respectfully showing onto the Court as follows:

### NATURE OF THE CASE

1.      In response to paragraph 1 of Plaintiff's Amended Complaint, PICCS admits that Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. PICCS denies the remaining allegations in paragraph 1 of Plaintiff's Amended Complaint and specifically denies any violation of the law. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## JURISDICTION

2.      In response to paragraph 2 of Plaintiff's Amended Complaint, PICCS admits that this Court has jurisdiction over this matter, except the Court lacks subject matter jurisdiction where the Plaintiff has failed to exhaust his administrative remedies and/or Title VII is inapplicable to PICCS because it has less than fifteen (15) employees. Defendant, however, denies any allegations and any liability or conduct which would give rise to damages.

## VENUE

3.      In response to paragraph 3 of Plaintiff's Amended Complaint, PICCS admits that venue is proper. PICCS denies engaging in discriminatory or retaliatory acts toward Plaintiff and denies all remaining allegations of Paragraph 3 of Plaintiff's Amended Complaint. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## PARTIES

4.      In response to paragraph 4 of Plaintiff's Amended Complaint, PICCS admits that Plaintiff identified himself as being a Black or African-American male and that Plaintiff identified himself as residing in San Antonio, Bexar County, Texas during the time period he administered services at North Central Baptist Hospital ("VHS").  PICCS has no knowledge regarding whether Plaintiff currently resides in Mableton, Georgia.  This part of his allegation is denied.

Moreover, the allegation regarding Plaintiffs' employer constitutes a conclusion of law to which no response is required.  To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A. and therefore denies the remainder of the allegations. Defendant denies it meets the definition of an "employer" under all applicable statutes. And, Plaintiff had a contract to work as an independent contractor.

5. In response to paragraph 5 of Plaintiff's Amended Complaint, Defendant PICCS admit is it a Texas professional association. Plaintiff's allegation concerning PICCS' status as an "employer" under 42 U.S.C. § 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A. and therefore denies the remainder of the allegations. Defendant PICCS admits it previously entered an appearance and no service of summons is necessary.

6. In response to paragraph 6 of Plaintiff's Amended Complaint, Defendant PICCS lacks knowledge, information, and/or belief sufficient for it to either admit or deny whether VHS is a Texas Limited liability corporation. Plaintiff's allegation concerning VHS status as an "employer" under 42 U.S.C. § 2000e(b) constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS is without sufficient information or knowledge to admit the allegations in Paragraph 6 of Plaintiff's Amended Complaint, and therefore, denies the same. PICCS admits Defendant VHS has made an appearance and no service of summons is necessary.

7. In response to paragraph 7 of Plaintiff's Amended Complaint, Plaintiff's allegation concerning PICCS' and VHS' status as "joint employers" and/or a "single integrated enterprise" constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies the allegations of paragraph 7 of Plaintiff's Amended Complaint.

8. Plaintiff's allegation in Paragraph 8 of Plaintiff's Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS is without sufficient information or knowledge to admit the allegations in Paragraph 8 of Plaintiff's Amended Complaint. Therefore, it is denied.

## FACTS

9.      Regarding paragraph 9 of Plaintiff's Amended Complaint, PICCS admits Exhibit A is a true and correct copy of the Agreement for Pediatric Intensive Care Department Coverage and the document speaks for itself.  PICCS denies the allegations of paragraph 9 of Plaintiff's Amended Complaint only to the extent such allegations are inconsistent with the express language of the agreement.

10.      In response to paragraph 10 of Plaintiff's Amended Complaint, PICCS admits it and Dr. Perry entered into a Professional Services Agreement on or about March 17, 2015. However, PICCS denies it employed Plaintiff as characterized in his Amended Complaint; rather the parties contracted for services to be rendered. PICCS admits Dr. Perry provided services at VHS' Pediatric Critical Care Unit ("PICU").

11.      In response to paragraph 11 of Plaintiff's Amended Complaint, PICCS admits Dr. Perry signed the Physician Agreement.  Since the Bylaws are the best evidence of its content, PICCS denies the remaining allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12.      In response to Paragraph 12 of Plaintiff's Amended Complaint, PICCS denies the allegations set forth therein since the Professional Services Agreement is the best evidence of its content. Furthermore, Plaintiff's allegation concerning PICCS' status as an "employer" constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies that Plaintiff was employed by Defendant Pediatric Inpatient Critical Care Services, P.A.

13.      PICCS denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14.      PICCS denies the allegations in Paragraph 14 of Plaintiff's Amended Complaint since the Professional Services Agreement is the best evidence of how Dr. Perry would be compensated.

15.     PICCS denies the allegations in Paragraph 15 of Plaintiff's Amended Complaint, which suggests PICCS had an employment relationship with Plaintiff or that PICCS had employment relationships with other persons. PICCS admit Dr. Nelson Chavez serves as the Medical Director of the PICU.  However, PICCS is without sufficient information or knowledge to admit the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint, and therefore, denies the same.

16.     PICCS denies the allegations in Paragraph 16 of Plaintiff's Amended Complaint, which suggests PICCS had an employment relationship with Plaintiff or that PICCS had employment relationships with other persons.  PICCS admits Dr. Sandra Aviles and Dr. Lorena Fernandez-Restrepo were assigned to VHS' PICU. PICCS admits that Dr. Aviles and Dr. Fernandez Restrepo are females. PICCS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint, and therefore, denies the same.

17.     Regarding paragraph 17 of Plaintiff's Amended Complaint, PICCS admits that as a physician assigned to the PICU, Dr. Perry was required to, and did, work with the nursing staff assigned to the PICU.  PICCS is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 17 of Plaintiff's Amended Complaint, and therefore, denies the same.

18.     PICCS denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19.     PICCS denies the allegations in Paragraph 19 (a)-(e) of Plaintiff's Amended Complaint.

20.     PICCS denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.     PICCS denies the allegations in Paragraph 21 of Plaintiff's Amended Complaint since the Professional Services Agreement is the best evidence of its content. PICCS admits that Plaintiff provided services at VHS from April 2015 through February 2017. PICCS denies the remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22.     Regarding paragraph 22 of Plaintiff's Amended Complaint, PICCS is without sufficient knowledge to know when Dr. Perry received a letter from VHS regarding Medical Staff Quality and Peer Review.   Thus, PICCS denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint since the letter and documents are the best evidence of their content. Furthermore, PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegation concerning the impetus and/or causation of the initiation of complaints against him, and therefore, denies the same. PICCS denies the remaining allegations of paragraph 22 of Plaintiff's Amended Complaint.

23.     Regarding paragraph 23 of Plaintiff's Amended Complaint, PICCS denies Plaintiff endured offensive racial and sexual comments for several months.   PICCS is without sufficient knowledge to know whether nurses ignored his authority as a physician.   PICCS further denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint since the memorandum is the best evidence of its content. Regarding the remaining allegations in paragraph 23 of Plaintiff's Amended Complaint, PICCS is without information or knowledge sufficient to admit or deny Plaintiff's allegations, and therefore, denies the same.

24.     In response to paragraph 24 of Plaintiff's Amended Complaint, PICCS is without information or knowledge sufficient to admit or deny when Plaintiff submitted a memorandum to Kendall Turton. Thus, Plaintiff denies this allegation of paragraph 24.   PICCS denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint since the memorandum is the best

evidence of its content. PICCS is without information or knowledge sufficient to admit or deny Plaintiff's remaining allegations, and therefore, denies the same. Based upon information and belief, Kendall Turton conducted an investigation and requested to meet with Plaintiff, but Plaintiff refused to meet with her.

25.     In response to paragraph 25 of Plaintiff's Amended Complaint, based upon information and belief, six PICU nurses notified Ms. Muniz that they would leave the PICU if Plaintiff's behavior did not change immediately.  PICCS is without information or knowledge sufficient to admit or deny Plaintiff's remaining allegations in Paragraph 25 of Plaintiff's Amended Complaint, and therefore, denies the same.

26.     PICCS admits the allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27.     PICCS admits the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

28.     PICCS admits the allegations in Paragraph 28 of Plaintiff's Amended Complaint.

29.     In response to paragraph 29 of Plaintiff's Amended Complaint, PICCS admits Dr. Carvajal gave Plaintiff a letter and Plaintiff was assigned to provide services through February 2017.  However, PICCS denies the remaining allegations in Paragraph 29 of Plaintiff's Amended Complaint since the letter is the best evidence of its content.  PICCS further denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint which suggests PICCS had an employment relationship with Plaintiff.

30.     PICCS denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint since the referenced documents are the best evidence of their content.  Furthermore, Plaintiff's allegation concerning the timeliness of the action constitutes a conclusion of law to which no response is required. To the extent a response is required, PICCS denies the allegations.

## CAUSES OF ACTION

31.     PICCS denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32.     PICCS denies the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

## JURY DEMAND

33.     PICCS admits that Plaintiff has made a jury demand. Furthermore, Defendant denies any allegations and any liability or conduct which would give rise to damages.

## PRAYER

PICCS denies the relief sought by Plaintiff in the Prayer paragraph of his Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

PICCS asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to PICCS and are Plaintiff's burden to prove. PICCS expressly reserves its right to assert additional defenses.

1.     Plaintiff was an independent contractor and not an employee of PICCS.

2.     PICCS does not meet the definition of employer under Title VII and therefore cannot be held liable under Title VII.

3.     Plaintiff's damages are limited or capped pursuant to applicable law.

4.     Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of and/or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law. Furthermore, Plaintiff's

claims against PICCS are barred, in whole or in part, by the failure to properly and/or timely exhaust administrative remedies.

6. Plaintiff's claims are barred to the extent that he has failed to satisfy the administrative prerequisites necessary to asserting such claims.

7. Plaintiff cannot establish a *prima facie* case of discrimination and/or harassment on the bases of race and/or sex.

8. Some or all of Plaintiff's Amended Complaint fails to state a claim and/or claims upon which relief can be granted.

9. Plaintiff's claims are not actionable because the challenged practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to Plaintiff's race and/or sex and made in good faith.

10. PICCS would have taken the same action with respect to Plaintiff, even in the absence of the discriminatory motives alleged by Plaintiff.

11. PICCS has in place a clear and well disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints of violations thereof, which provides for prompt and effective responsive action. To the extent Plaintiff failed to take advantage of the preventive or corrective opportunities provided by PICCS, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

12. To the extent applicable, and pending discovery, Plaintiff has failed to mitigate any damages he may claim to have suffered as a result of any alleged actions. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits he has earned or received since his association with Defendants ended.

13. Without conceding Plaintiff has suffered any damages because of any alleged acts or omissions by PICCS, Plaintiff's alleged damages are limited or barred by the after acquired evidence doctrine.

14. PICCS did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights (if any), nor did PICCS approve, authorize, ratify, or have actual knowledge of any such acts.

15. Plaintiff's damage claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

16. Without conceding that Plaintiff has suffered any damages because of any alleged wrongdoing by PICCS, PICCS pleads the due process limitations on punitive/exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

17. PICCS cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

18. PICCS is entitled to the *Ellerth/Faragher* affirmative defense. *Faragher v. City of Boca Raton*, 524 U.S. 773, Ct. 2275 (1998) and *Burlington Industries Inc. v. Ellerth*, 522 U.S. 1086, 118 S. Ct. 876 (1998) if it is found to be Plaintiff's employer. Plaintiff's claims are barred because PICCS exercised reasonable care to prevent and current promptly any discriminatory and/or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

WHEREFORE, PREMISES CONSIDERED, Defendant PEDIATRIC INPATIENT CRITICAL CARE SERVICES, P.A., respectfully prays that Plaintiff take nothing by way of this lawsuit, that it be awarded its costs, and for such other and further relief, at law or in equity, to which it may be entitled. Defendant further prays for an award in its favor for attorneys' fees (including costs and expert fees) incurred in the defense of this action as a prevailing party and as authorized by applicable law.

Respectfully submitted,

**THE MYERS LAW GROUP, L.L.P.**

By: ___/s/ Angella H. Myers_____
Angella H. Myers
Texas Bar No. 24027229
amyers@myerslawllp.com
Sharon S. Gilmore
Texas Bar No. 24045943
sgilmore@myerslawllp.com

8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
Telephone: (972) 781-2400
Facsimile: (972) 781-2401

**ATTORNEYS FOR DEFENDANT,
PEDIATRIC INPATIENT CRITICAL
CARE SERVICES, P.A.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of January 2019, Defendant Pediatric Inpatient Critical Care Services, P.A.'s Amended Answer to Plaintiff's First Amended Complaint was served via Electronic Filing upon all counsel of record.

<u>/s/ Angella H. Myers</u>
Angella H. Myers