# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. MELVIN G. PERRY, JR., § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. SA-18-CA-0404-XR | |
| § | | |
| PEDIATRIC INPATIENT CRITICAL § | | |
| CARE SERVICES, P.A., and VHS SAN § | | |
| ANTONIO PARTNERS, LLC d/b/a § | | |
| NORTH CENTRAL BAPTIST HOSPITAL, § | | |
| Defendants. § | | |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE PLAINTIFF

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Now comes GLEN D. MANGUM, attorney of record for the Plaintiff, and pursuant to Local Court Rule AT-3, respectfully moves this Honorable Court for leave to withdraw as counsel for the Plaintiff, DR. MELVIN G. PERRY, JR.

In support of this Motion, the undersigned would respectfully show the Court the following:

(1) The Plaintiff, DR. MELVIN G. PERRY, JR., and the undersigned signed an Agreement for Representation on February 9, 2018, whereby the undersigned agreed to represent the Plaintiff in reference to his claims against his former employer, Pediatric Inpatient Critical Care Services, P.A. and/or North Central Baptist Hospital, as those claims were set forth in charges of discrimination filed by the Plaintiff with the EEOC. By that Agreement, the Plaintiff agreed to pay a minimum guaranteed fee against a contingent fee. On March 13, 2018, the Plaintiff paid the minimum guaranteed fee.

(2) On September 6, 2018, the undersigned requested that the Plaintiff agree to a modification of the Agreement for Representation, in light of the Plaintiff's extraordinary demands

upon the undersigned's time and attention and in light of the unexpected amount of time that the undersigned had expended on the case to that point in time. The undersigned made it clear to the Plaintiff that he was not demanding that an additional minimum guaranteed fee be paid, and that, if the Plaintiff was not willing or able to pay an additional fee, the undersigned would continue to diligently represent the Plaintiff in accordance with the original Agreement for Representation.

(3)     The Plaintiff agreed to the proposed modification to the Agreement for Representation, and paid the additional minimum guaranteed fee, in exchange for a reduction in the contingent fee payable to the undersigned.

(4)     On September 7, 2018, the undersigned e-mailed to Plaintiff a proposed Amended Agreement for Representation, with the modified terms included. The Amended Agreement was not signed and returned to the undersigned until January 7, 2019, and was unilaterally revised in a significant way by the Plaintiff.

(5)     The undersigned has, since he was initially retained, tried his best to zealously advocate for the Plaintiff, and has done his best in trying to be responsive to the needs/demands of his client.

(6)     However, it has now become apparent to the undersigned that, no matter how diligently he represents the Plaintiff, it will never satisfy the Plaintiff.

(7)     At various times during the course of this litigation, the Plaintiff has taken positions that the undersigned has counseled are not appropriate, are unnecessarily antagonistic, and are not in the Plaintiff's best interests. On almost every such occasion, the Plaintiff has rejected the undersigned's advice and has instructed the undersigned to take positions and/or actions that the undersigned, in reliance upon more than 35 years of practicing employment law, believes are not in

the best interests of the Plaintiff and are, in fact, counter to the Plaintiff's best interests.

The undersigned is willing to provide the Court with specific examples of the above, but would prefer not to provide those examples in a public filing with the Court.

(8) After several months of contemplating what his course of action should be, without prejudicing his client, the undersigned has concluded that he should move to withdraw from this case. On Tuesday, January 29, 2019, the undersigned advised the Plaintiff of his intent to withdraw, and the Plaintiff has indicated to the undersigned that he does not oppose the withdrawal.

(9) Pursuant to the Texas Disciplinary Rules of Professional Conduct, a lawyer may withdraw from representing a client if the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement. Rule 1.15 (b) (4). A lawyer may also withdraw if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. Rule 1.15 (b) (6). Finally, a lawyer may withdraw if other good cause for withdrawal exists. Rule 1.15 (b) (7). The undersigned is of the opinion that all of those circumstances exist, and the Plaintiff does not contest that they do.

(10) The undersigned has also conferred with opposing counsel regarding his intent to withdraw, and counsel have stated that they do not oppose this Motion.

(11) Should this Motion be granted, the undersigned respectfully requests that the Court stay and/or extend all remaining pre-trial deadlines to allow the Plaintiff sufficient time to retain new counsel to represent him herein and for that person to become acquainted with the case.

(12) The undersigned is not aware whether the Plaintiff has consulted other counsel in regard to assuming representation of the Plaintiff, but will encourage him to do so. The Plaintiff's

current address is 1216 Heritage Lakes Drive, S.W. Mableton, Georgia 30126, and his current telephone number is (720) 745-3491.

WHEREFORE, PREMISES CONSIDERED, the undersigned attorney, GLEN D. MANGUM, respectfully moves the Court to grant him leave to withdraw as counsel for the Plaintiff.

Respectfully submitted,

  /s/   Glen D. Mangum
GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
Email: gmangum@sbcglobal.net

**CERTIFICATE OF SERVICE**

This is to certify that the above and foregoing Motion for Leave to Withdraw as Counsel for the Plaintiff was sent via electronic mail to the Plaintiff and to counsel for the Defendant Pediatric Inpatient Critical Care Services, P.A., Ms. Angella H. Myers and Ms. Sharon S. Gilmore, THE MYERS LAW GROUP, LLP, 8144 Walnut Hill Lane, Suite 390, Dallas, Texas 75231, and to counsel for the Defendant VHS San Antonio Partners LLC dba North Central Baptist Hospital, Ms. Tiffany L. Cox and Mr. Mark A. McNitzky, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 112 E. Pecan Street, Suite 2700, San Antonio, Texas 78205 on this 4th day of February, 2019.

    /s/   Glen D. Mangum
GLEN D. MANGUM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DR. MELVIN G. PERRY, JR., § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-18-CA-0404-XR |
| § | |
| PEDIATRIC INPATIENT CRITICAL § | |
| CARE SERVICES, P.A., and VHS SAN § | |
| ANTONIO PARTNERS, LLC d/b/a § | |
| NORTH CENTRAL BAPTIST HOSPITAL, § | |
| Defendants. § | |

## ORDER

On this day came on for consideration GLEN D. MANGUM's Motion for Leave to Withdraw as Counsel for the Plaintiff, and it appears to the Court that said Motion is not opposed either by the Plaintiff or by counsel for the Defendants, is made for good cause shown therein, is in the interest of justice, and should therefore be granted.

It is therefore ORDERED that GLEN D. MANGUM's Motion for Leave to Withdraw as Counsel for the Plaintiff is GRANTED.

SIGNED this _____ day of _____, 2019.

_____
XAVIER RODRIGUEZ
United States District Judge